Nash, C. J.
 

 Every indictment must contain such a statement of facts as to enable the Court, before whom it is tried, to see that the law has been violated ; and when an evil intent, accompanying an act, is necessary to constitute a crime, the intent must be alleged in the bill of indictment and proved. 6(h East. 474. The defendant in this case is a Justice of the Peace, an’d he is prosecuted for corruption in the discharge of a judicial duty. The indictment charges that the defendant
 
 “
 
 unlawfully, wilfully,
 
 “
 
 deceitfully and corruptly*, did give judgment as a Justice of the
 
 “
 
 Peace as aforesaid, in favor of one Philip Gallispie for
 
 $22, “
 
 with intent, &c., against one Baroh Norton, without the knowl-
 
 “
 
 edge and consent of the said Gallispie and Baroh Norton, with “intent to injure and defraud Baroh Norton.” It then alleges and states the manner in which this intent was carried out, to wit, “ that he sold the said false judgment for a valuable consideration to one John Allman, &c.” The charge, stripping it of its verbiage, is that the defendant gave the judgment complained of corruptly. It is not sufficient in an indictment against a Justice of the Peace for an act done in discharge of judicial duty, to allege that the act was corruptly done : — it must state in what the
 
 *435
 
 corruption consisted. Accordingly, here the indictment charges that the judgment was given without the knowledge or consent of either Gallispie or Norton, and with an intent.to defraud the latter, and in pursuance of that intent, sold to one Allman. We are bound to presume, from the charge in the indictment, that there was a cause of action against the defendant Norton, and that a warrant had been duly issued and served upon him ; and that it was in the possession of this defendant, ..in his official character. Otherwise he could give no judgment legally. Does the . giving the judgment in the absence of the parties and without their knowledge, in itself, constitute corruption ? Certainly not; because it might have been in good faith, and if so, an indictment cannot be supported. It is the conception, coupled with the act the law seeks to punish criminally.
 
 Cunningham
 
 v. Dilliard, 4 Dev. & Bat. 351. To further show the corrupt motive of the defendant, the indictment charges that he sold the judgment to one Alhuan for a valuable consideration. It is certainly a misdemeanor in office for a Justice of the Peace to sell or transfer a judgment, given by himself or any other magistrate. Tire law makes the magistrate who gives a judgment its custodian.’ He is bound officially to keep in his possession both the warrant and judgment, and the evidence of the debt — in other words, all these papers are in the custody of the law. It was proper, therefore, that such charge or statement should appear upon the face of the indictment, and in fact, it constituted the gist of the offence said to be perpetrated by the
 
 defendant;
 
 and the State was bound to prove it. Upon the trial below, Allman was introduced as a witness in behalf of the prosecution, and he swore that he found the judgment, with the note in it, among his other judgments and notes j that he had no knowledge how he came by them, or from whom he received them ; and that he never had any dealings with the defendant so far as he could recollect. Allman being the only witness to prove this allegation of the indictment, there was in fact no evidence to go to the jury upon either allegation, and they ought to have been so instructed ; for whether they believed Allman or not., the State was equally without evidence as to the alleged fact of the sale.
 

 It is but justice to the defendant to state that the papers accom
 
 *436
 
 panying the case furnish some evidence that he intended no fraud in giving the second judgment, which is the one complained of. The two papers containing the warrant, judgment and execution are exactly alike, one being a copy of the other, and both directed to the same officer, William Lambert.
 

 His Honor below committed an error in submitting to the jury the question of a sale to Allman ; and for this error the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam, Judgment reversed, and a
 
 venire de novo
 
 awarded.